IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM, <br><br> Plaintiff <br><br> v. <br><br><br> PETER GEREN, SECRETARY OF THE ARMY, <br> UNITED STATES ARMY, 101 Army Pentagon <br> Washington, DC 20310-0101 <br><br> And <br><br> LTG ROBERT L. VAN ANTWERP <br> Chief of Engineers <br> Office of the Chief of Engineers <br> 2600 Army Pentagon <br> Washington, DC 20310-2600 <br><br> Et. Al. Bruce Merle Elliott, Toni Trever Trombecky, <br> Sean W. Wachutka, Kristine Allaman, James Braxton <br> Tim Alderman. David Breeden, Kathy Genung <br> Carl A. Strock, Robert Griffin, Up to 10 defendants <br> US Army Corps of Engineers <br> 441 G. Street NW Washington, DC 20314-1000 | Civil Action No.: 07-0979(HHK) <br><br> **RECEIVED** <br><br> NOV 1 4 2007 <br><br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

**PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SANCTIONS UNDER RULE 11**

### I.   INTRODUCTION

Plaintiff, Pro Se, respectfully moves this Court to Dismiss the Defendant's Motion for Dismissal received by the Plaintiff on November 3, 2007. Defendant has failed to meet the required time frames to provide an answer to the timely filed complaint with Court. Therefore,

the Court should immediately cause the rule of law to be enacted and the penalties upon the multiple defendants for failing to file the ANSWER to the complaint in accordance with the Civil Procedures.

Defendants were required to provide an ANSWER within sixty (60) days of service. They have failed to do so.

Respectfully submitted,

*[signature]*

SHEILA A. BLOOM, Pro Se, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEILA A. BLOOM                        )
                                       )
         Plaintiff                     )
                                       )Civil Action No.: 07-0979(HHK)
                                       )
    v.                                 )
                                       )
                                       )
PETER GEREN, SECRETARY OF THE ARMY, et. Al  )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS AND <u>SANCTIONS UNDER RULE 11</u>

### I. INTRODUCTION

Plaintiff timely filed her complaint on May 21, 2007, within 90 days of receipt, stipulated for Federal employees to file their Complaints after receiving the Agency Final Decision (FAD) and in accordance with the Federal Rules of Civil Procedure (Enclosure 1). The Final Agency Decision was dated February 15, 2007 and the Plaintiff filed the Complaint with the Court on May 21, 2007. The Clerk of the Court indicated a stamped date of May 25, 2007 on the Complaint. However, the Plaintiff provides proof of certified mailing demonstrating that the Complaint was mailed February 21, 2007. The 90th day after Plaintiff received the FAD was May 22, 2007.

II.  Motion to Dismiss Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. Civ. P. 12 (b)(1).

The Plaintiff has timely filed her Complaint on May 21, 2007 with this court because it has jurisdiction over all the matters covered within the Complaint. The Plaintiff requests the court to consider all matters before it as a form of judicial economy.

The court has jurisdiction over all Plaintiff's Title VII claims pursuant to 42 USC 200e-5(f)(3), 2000e-5(g), 2000 e-16© and 29 CFR 1614.407 (b) and (d) as previously outlined within the Complaint under Section entitled "JURISDICTION AND VENUE".

The court has jurisdiction over the Plaintiff's whistleblower and Civil Service Reform Act Claims pursuant to Section 7702 of Title V of the United States Code, which governs procecution of "mixed case" claims, and Section 7703 of Title V of the United States Code. Plaintiff initially elected to proceed with her "mixed case" claims before the Agency's Equal Employment Office ("EEO Office"). Plaintiff Claims standing with regards to Executive Branch officials being directed to break laws, statutes, regulations and policies and exacting discrimination , reprisal, retaliation and hostile work environment and other employment law violations meted out by these officials against the Plaintiff through the use of privileges provided by Presidential Signing Statements yet to be determined. Plaintiff exhausted her administrative remedies before pursuing her claims in federal court.

III.  Motion to Dismiss Defendant's "Motion to Dismiss for Res Judica, Failure to State a Claim, Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims

Plaintiff timely filed her Complaint with her Whistleblower Allegation (Count VII) of her Complaint as evidence of on-going and continual harassment, reprisal, retaliation and discrimination that arose out of her protected disclosures that are clearly outlined in the Claims

within her Complaint. The principle of *Res Judicata* is not applicable and premature as this applies to cases where final judgment has been issued by the court. Under the doctrine parties to a suit and their privies are bound to the final judgment and may not re-litigate any ground for relief which they already have had an opportunity to litigate even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not. Hardison v. Alexandrer, 655 F.2d 1281, 1288 (D.C. Cir. 1981). In addition, the Defendant provides invalid argument to dismiss the whistleblowing allegations.

The Plaintiff filed her first four complaints Equal Employment Opportunity Complaints with the Agency EEO office. As a result of these complaints and her prior protected disclosures that arose out of her complaints, Plaintiff was further reprised against by her Chain of Command. Plaintiff revealed further allegations of wrongdoing at the Formerly Used Defense Site known as Spring Valley or the American University Experiment Station to the various parties within and outside of her Chain of Command. These protected disclosures were not protected resulting in further reprisal, retaliation and discrimination. Plaintiff proceeded to file with the Office of Special Counsel between January 2004 and September 2004. The result was further reprisal and retaliation as a result of improper and illegal releases of protected information found within her two OSC filings for Whistleblowing and Prohibited Personnel Practices between the Merit Systems Protection Board Administrative Judge and USACE Agency Counsel. The Plaintiff proceeded to attempt to exhaust her administrative remedies both within the OSC and MSPB based upon jurisdictional limitations of the regulations and laws. Plaintiff exhausted the remedies of the EEOC in June 2005 and proceeded to Civil Court on her first four consolidated Complaints. Plaintiff's representative, Mike Kohn, Kohn, Kohn & Colapinto, filed this first Complaint in this court on September 12, 2005 and the Complaint was filed against the

Defendant's in that case on January 6, 2007. This Complaint clearly provided claims for the period of time covering these first four complaints.

During the time that she was exhausting her Administrative Remedies for the first Complaint, Plaintiff suffered even more egregious on-going and continual harassment, discrimination, reprisal and retaliation from her Chain of Command as a result of her protected disclosures under the EEO process as well as her disclosures to OSC, Congress, DOD IG, Army IG and other parties within and external to the Department of Defense. These actions gave rise to four additional complaints with multiple claims. Once again, the Plaintiff exhausted her administrative remedies within the DoD EEO and EEOC. The Whistleblowing allegations gave rise to further reprisal as clearly outlined within the second complaint filed with this court.

The Defendant cannot substantiate the statements that the Plaintiff failed to state a claim. The Plaintiff has clearly stated claims within this complaint that are not covered within the first Civil Action (**2005-cv-01804-HHK**) currently before the Court. The Plaintiff's former attorney, Mike Kohn, Kohn, Kohn & Colapinto, filed the first complaint with the court in the same format as the second complaint (07-cv-00979-HHK). The Complaint clearly provides many claims with great specificity. The MSPB decision did not dismiss the Whistleblower allegations on the merits of the claims.

The Plaintiff does not agree with the Dismissal of the parties as under the Federal Rule of Civil Procedure, not only is the "the head of the department, agency, or unit, as appropriate," culpable in this matters as they willfully and knowingly participated in the reprisal, retaliation, discrimination and on-going and continual harassment. They are culpable parties and are being sued both in their official and personal capacity for their collusion and willingness to knowingly and willingly violate a multitude of laws, regulations, policies and procedures. These parties

were clearly notified in writing by the Plaintiff on many occasions of the violations for which they participated, yet they willingly ignored these notifications and continued to violate those laws, regulations, policies and procedures as further reprisal, retaliation, discrimination and on-going and brutal harassment of the Plaintiff for her protected disclosures both under Title 5, Title 7, ADA, Rehabilitation Act of 1973, Reasonable Accommodation and other provisions of laws, regulations, policies and procedures. The Plaintiff is not providing claims in this complaint with an indication that this court has jurisdiction over the disposition of the Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims. The Plaintiff has timely filed with the appropriate Agency's who perform these functions. The Claims within this Civil Action that are found associated the Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims are within this Complaint as more evidence of discrimination, reprisal, retaliation and on-going and continual harassment that resulted from the Plaintiff protected disclosures under Title V, Title VII and the Whistleblower Protection Act. The Plaintiff states these claims as evidence of acts with specific dates and perpetrated by the Defendant's as a form of on-going continual and vicarious unlawful harassment as a result of her disclosures. This Court does have jurisdiction over these claims. Request the Court issue sanctions against the US Attorney under Rule 11.

### IV. Conclusion

For the reasons stated above, request that the Defendant's Motion to Dismiss be immediately Dismissed. The Defendant's have failed to provide an ANSWER to this complaint within sixty (60) calendar days as specified within the Rules of Civil Procedure. The Plaintiff's whistleblower allegations are no barred by res judicata as the court has not made a final decision on the merits of the whistleblowing allegations found within the Plaintiff's first Complaint filed

with the Court on September 12, 2005 (**2005-cv-01804-HHK**). In addition, the whistleblower allegations found within this Complaint (2007-cv-00979-HHK) are relevant and gave rise to the claims listed within this complaint. Both the Whistleblowing and the Title V claims are within the jurisdiction of this Court.

Respectfully submitted,

*[signature]*

SHEILA A. BLOOM, Pro Se, Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2007, I served a copy of the foregoing Memorandum Of Points And Authorities In Support Of Motion To Dismiss Defendant's Motion To Dismiss, And Request For Sanctions Under Rule 11 by first class mail, postage prepaid on the following:

Nancy Mayer-Whittington
Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave, NW
Washington, DC 20001
Certified mail

Brian C. Baldrate
Special Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, DC 20530
202-353-9895
First class mail

*ENCLOSURE 1* (handwritten)



Home | Help | Sign In

Track & Confirm   FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7111 9503 2660 0901 2586
Detailed Results:
- Delivered, May 23, 2007, 1:54 pm, WASHINGTON, DC 20001
- Notice Left, May 23, 2007, 9:03 am, WASHINGTON, DC 20001
- Arrival at Unit, May 23, 2007, 8:49 am, WASHINGTON, DC 20001
- Acceptance (APC), May 21, 2007, 8:01 pm, ANNAPOLIS, MD 21403

( < Back )   ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

```
***** WELCOME TO *****
       EASTPORT
   821 CHESAPEAKE AVE
   ANNAPOLIS, MD 21403-9998
        05/21/07 08:01PM
```
*Complaint 5/21/07* (handwritten)

*Clerk of the Court* (handwritten)
Transaction Number              77
USPS® #                  230217-9550

*Nancy Mayer-Whittington* (handwritten)

```
 1. Priority Mail® service      7.25
    Destination:      20001
    Weight:           1 lb. 11.20 oz.
    Total Cost:       7.25
    Base Rate:        4.60
    Label #:
    7111 9503 2660 0901 2586
           SERVICES
    Certified Mail™            2.65

Subtotal                       7.25
Total Charged                  7.25

DebitCard                      7.25

        <23-901860023-99>
DebitCard
ACCT. NUMBER      TRANS #    AUTH
4266                888     961375
RECEIPT # 010891

To check on the delivery status of
your Certified Mail™ article, visit
our Track & Confirm website at
www.usps.com or use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations).

              Thanks.
      It's a pleasure to serve you.
```

*ENCLOSURE 1* (handwritten)

```
           EASTPORT
        821 CHESAPEAKE AVE      Copy 5/21/07
         ANNAPOLIS, 1403-9998
         05/21/07  8:01PM
                                           77
Clerk of the Court.
Transaction Number
USPS® #                           230217-9550

Nancy Mayer-Whittington
  1. Priority Mail® service        7.25
     Destination:     20001
     Weight:          1 lb. 11.20 oz.
     Total Cost:      7.25
     Base Rate:       4.60
     Label #:
     7111 9503 2660 0901 2586
              SERVICES
     Certified Mail™              2.65

Subtotal                          7.25
Total Charged                     7.25

DebitCard                         7.25

       <23-901860023-99>
DebitCard
ACCT. NUMBER       TRANS #    AUTH
4266               888        961375
RECEIPT # 010891

To check on the delivery status of
your Certified Mail™ article, visit
our Track & Confirm website at
www.usps.com or use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations).

            Thanks.
    It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

****************************************
*    Your opinion matters to us.       *
*           Please visit               *
*                                      *
*       http://gx.gallup.com/apc       *
****************************************
```