IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM, )<br>      Plaintiff, )<br>                                               )<br>      v.                                        )<br>                                               )<br>                                               )<br>                                               )<br>Mr. PETE GEREN, et. al.       )<br>      Defendants.                      ) | Civil Action No.  1:07CV0979 (HHK) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

**I.  INTRODUCTION**

Defendants, by and through undersigned counsel, respectfully file this Opposition to "Plaintiff's Motion for Dismissal of Defendants' Motion to Dismiss and for Sanctions Under Rule 11," filed November 14, 2007.[1]  A Proposed Order is attached.

Plaintiff's Motion for Dismissal and for Sanctions cites no legal authority and raises no logical arguments supporting her request for dismissal of Defendants' Motion to Dismiss. Nor does Plaintiff's Motion cite any legal basis or coherent rationale for sanctions.  Instead, Plaintiff's Motion incorrectly alleges that Defendants failed to timely answer her Complaint, and impermissibly seeks Rule 11 sanctions.

---

[1] Plaintiff filed her "Motion for Dismissal of Defendants' Motion to Dismiss and Motion for Sanctions Under Rule 11," R.9, on November 14, 2007, the date her opposition was due for Defendant's Motion to Dismiss, R.6. In that Motion Plaintiff addressed some of the issues raised in Defendant's initial Motion to Dismiss.  However, on November 22, 2007, the Court ordered Plaintiff to file an actual opposition to Defendant's Motion to Dismiss by December 21, 2007. R.10. As such, this opposition filed by Defendants limits itself to Plaintiff's arguments that involve dismissal of Defendants' motion and sanctions against Defendants. Defendants will address the remaining arguments that relate back to Defendants' initial Motion to Dismiss in a Reply if, and when, Plaintiff files a proper opposition in accordance with this Court's Order.

## II. ARGUMENT

A. **Plaintiff's Argument That Defendants' Answer is Untimely is Meritless**

Plaintiff's Motion argues that "Defendant has failed to meet the required time frames to provide an answer to the timely filed complaint with [sic] Court." (Plaintiff's Mot. at 1). Based on the date the U.S. Attorney was served with the Complaint, the Government's responsive pleading was due on October 29, 2007. However, pursuant to Fed. R. Civ. P. 12(a)(4), Defendants filed a timely Motion to Dismiss the Complaint in lieu of an Answer. Service of that Motion extended the deadline for filing a responsive pleading until after the Court acts upon the Motion. Therefore, no responsive pleading is due at this time. This Court's Order dated November 5, 2007, demonstrates the proper application of this rule and the lack of merit in Plaintiff's argument. In that Order the Court stated: "Because defendants have responded to the complaint by filing a motion to dismiss the complaint on October 29, 2007, the motion for an enlargement of time is denied as it is moot." (R. 8, Order, dated Nov 5, 2007.)

B. **Plaintiff's Request for Sanctions Under Rule 11 is Improper**

In the last section of Part III of Plaintiff's Motion she "Request[s] the Court issue sanctions against the US Attorney under Rule 11." (Plaintiff's Mot. at 7.) Plaintiff did not state the factual basis for this sanction's request, nor is the basis clear in context. Plaintiff's request for sanctions is defective in several fundamental ways. For example, a motion for sanctions must be made separately from other motions. Fed. R. Civ. P. 11(C)(1)(A). Additionally, any such request must describe specifically the offensive conduct for which sanctions are sought. Id. Furthermore, requests for sanctions may not be originally filed

2

with the court, but must instead first be presented to the opposing party for an opportunity to modify the conduct at issue. Id.  Accordingly, the Court should deny Plaintiff's request for sanctions.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Dismissal of Defendants' Motion to Dismiss and for Sanctions under Rule 11" should be dismissed.

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        _____/s/_____
        BRIAN C. BALDRATE
        Special Assistant United States Attorney
        Civil Division
        555 Fourth St., N.W.
        Washington, D.C. 20530
        202-353-9895
        Attorneys for Defendants


Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November __, 2007, I served a copy of the foregoing

Opposition to Plaintiff's Motion for Dismissal and Sanctions by first class mail, postage pre-

paid, on the following:

Ms. Sheila Bloom
1712 Cedarpark Road
Annapolis, Maryland  21401

                                                    /s/_____
                                                  BRIAN C. BALDRATE
                                                  Special Assistant United States Attorney
                                                  Civil Division
                                                  555 Fourth St., N.W.
                                                  Washington, D.C. 20530
                                                  202-353-9895

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM,<br>　　　Plaintiff,<br><br>　　　v.<br><br><br><br>Mr. PETE GEREN, et. al.<br>　　　Defendants. | )<br>)<br>)<br>)　　Civil Action No.  1:07CV0979 (HKK)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER**

Upon consideration of Plaintiff' Motion for Dismissal of Defendant's Motion to Dismiss and

Motion for Sanctions Under Rule 11, the Opposition thereto, and the entire record, it is this

_____ day of _____, 2007 hereby

ORDERED, that Plaintiff' Motion is DENIED.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　 HENRY H. KENNEDY JR.
　　　　　　　　　　　　　　　　　　　 U.S. DISTRICT COURT JUDGE


Copies to:
Defendants via ECF and to Plaintiff via first-class mail