UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sheila A. Bloom,
   Plaintiff

v.

DEFENDENTS:
Peter Geren, Secretary of the Army
UNITED STATES ARMY
101 Army Pentagon
Washington, DC 20310-0101

and

LTG Robert L. Van Antwerp, Chief of Engineers
Office of the Chief of Engineers
2600 Army Pentagon
Washington DC 20310-2600;
   and

Et. Al: Bruce Merle Elliott, Toni Trevor Trombecky,
Sean M. Wachutka, James J. Braxton.
Timothy Alderman, David Breeden, Kathy Genung
Kristine Allaman (SES), Barbara Campbell,
Carl A. Strock (LTG-Ret), Robert Griffin (MG-Ret)
Up to 10 defendants to be named
US ARMY CORPS OF ENGINEERS
441 G. Street, NW, Washington, DC 20314-1000

RECEIVED
DEC 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Case No. 07-979-HHK

Date: December 19, 2007

**AFFIDAVIT OF MAILING OF PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO COMPEL DEFENDANT'S TO PROVIDE AN ANSWER TO THE COMPLAINT**

I, Sheila A. Bloom, hereby state that:

On the 12th day of **November, 2007**, I caused to be deposited in the United States Mail a copy of the PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS UNDER RULE 11 (Enclosure 1) in response to the DEFENDANTS MOTION TO DISMISS file with Court on October 29, 2007in the above captioned case, postage prepaid and addressed to the following:

Nancy Mayer- Whittington
Clerk of the Court
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave., NW
Washington, DC 2001

And

Brian C. Baldrate
Special Assistant United States Attorney
Civil Division
555 Fourt Street, NW
Washington, DC 20530

On November 22, 2007 the Court issued an ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO DISMISS, however, the Plaintiff had mailed both the Court and the Defendants the PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS UNDER RULE 11.

On November 27, 2007 the Defendant acknowledged receipt of this filing in the **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS.** (enclosure 2) Defendant has failed to provide an answer to the Complaint within sixty days (60) of receipt of the Complaint and was not granted an enlargement to the time frames stipulated. Defendants have attempted to circumvent the procedures of the court with unsubstantiated means. Plaintiff properly served the Complaint of the Defendant's within the time frames stipulated under the law. Request the Court COMPEL the Defendant's to provide an ANSWER without further delay.

**PLAINTIFF'S REQUEST FOR CONTINUANCE OF ALL ACTIONS DUE TO SERIOUS HEALTH CONDITIONS AND DISABILITIES**

Plaintiff also requests a continuance of sixty days (60) in the subject case that are precluding the Plaintiff of representation due to serious health conditions and disabilities that have impacted the Plaintiff's ability to adequately be able to respond to case.

Access to the courts is a fundamental right under both state and federal constitutions. Under state and federal statutes people with disabilities must be afforded equal access to courthouse,

courtrooms and court services. Plaintiff has suffered greatly due to the hostile work environment, reprisal and discrimination and vicarious unlawful harassment. Defendants subjected Plaintiff to discrimination under Title 5 and Title 7. Defendants also subjected Plaintiff to humiliation, threats and violations of laws, regulations, policies and procedures that provide protection for the disabled under the ADA, Rehabilitation Act and Reasonable Accommodation.

## PLAINTFIFFS REQUEST FOR COURT ASSIGNED LEGAL COUNSEL

Plaintiff requests the court to assign legal counsel to the Plaintiff under the provisions of law that require equal justice and *in forma pauperis*. Plaintiff will provide the Court under separate cover the APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT under 28 USC 1915. Plaintiff requests the court to consider the overwhelming legal and medical expenses as well as lost wages that were a direct result of the discrimination, hostile work environmental, reprisal and vicarious and unlawful harassment perpetrated by the Defendants upon the Plaintiff between 2002 and present.

On November 15, 2006 Plaintiff was forced to retire from Federal Service under disability retirement due to the ramifications of the abuse of power, discrimination, reprisal, retaliation and vicarious and unlawful harassment perpetrated upon her by the Defendants. Plaintiff had sought relief under the Americans with Disabilities Act, Rehabilitation Act and Reasonable Accommodation only to suffer more abuses at the hands of the Defendants. The complaint clearly provides many claims that outline and detail these abuses. Plaintiff requires assistance of the Court and legal counsel to adequately represent her case and requests relief from the Court.

## PRAYER FOR RELIEF

Plaintiff humbly requests that the Court grant a sixty (60) continuance for serious health issues caused by disabilities and assignment of Pro Bono attorney. Plaintiff also requests the Court compel the Defendants to provide an ANSWER to the Complaint without further delay.

Respectfully,


Sheila Bloom, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served, via facsimile email and certified mail, upon the following persons:

Henry H. Kennedy, Jr.   c/o Nancy Mayer-Whittington
United States District Judge   Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001 (certified mail)

Jeffrey A. Taylor DC Bar #498610
Brian C. Baldrate DC Bar #434122
Special Assistant United States Attorney
Civil Division
555 Fourt Street, NW
Washington, DC 20530 (first class mail)

This day of December 19, 2007

By: Sheila Bloom

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No.: 07-0979(HHK) |
| v. | ) |
| | ) |
| PETER GEREN, SECRETARY OF THE ARMY, | ) |
| UNITED STATES ARMY, 101 Army Pentagon | ) |
| Washington, DC 20310-0101 | ) |
| | ) |
| And | ) |
| | ) |
| LTG ROBERT L. VAN ANTWERP | ) |
| Chief of Engineers | ) |
| Office of the Chief of Engineers | ) |
| 2600 Army Pentagon | ) |
| Washington, DC 20310-2600 | ) |
| | ) |
| Et. Al. Bruce Merle Elliott, Toni Trever Trombecky, | ) |
| Sean W. Wachutka, Kristine Allaman, James Braxton | ) |
| Tim Alderman. David Breeden, Kathy Genung | ) |
| Carl A. Strock, Robert Griffin, Up to 10 defendants | ) |
| US Army Corps of Engineers | ) |
| 441 G. Street NW Washington, DC 20314-1000 | ) |

**PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SANCTIONS UNDER RULE 11**

I. INTRODUCTION

Plaintiff, Pro Se, respectfully moves this Court to Dismiss the Defendant's Motion for Dismissal received by the Plaintiff on November 3, 2007. Defendant has failed to meet the required time frames to provide an answer to the timely filed complaint with Court. Therefore,

Enclosure 1

the Court should immediately cause the rule of law to be enacted and the penalties upon the multiple defendants for failing to file the ANSWER to the complaint in accordance with the Civil Procedures.

Defendants were required to provide an ANSWER within sixty (60) days of service. They have failed to do so.

Respectfully submitted,

_____

SHEILA A. BLOOM, Pro Se, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEILA A. BLOOM                              )
                                             )
        Plaintiff                            )
                                             )Civil Action No.: 07-0979(HHK)
                                             )
    v.                                       )
                                             )
                                             )
PETER GEREN, SECRETARY OF THE ARMY, et. Al  )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS
AND
<u>SANCTIONS UNDER RULE 11</u>**

I. INTRODUCTION

Plaintiff timely filed her complaint on May 21, 2007, within 90 days of receipt, stipulated for Federal employees to file their Complaints after receiving the Agency Final Decision (FAD) and in accordance with the Federal Rules of Civil Procedure (Enclosure 1). The Final Agency Decision was dated February 15, 2007 and the Plaintiff filed the Complaint with the Court on May 21, 2007. The Clerk of the Court indicated a stamped date of May 25, 2007 on the Complaint. However, the Plaintiff provides proof of certified mailing demonstrating that the Complaint was mailed February 21, 2007. The 90th day after Plaintiff received the FAD was May 22, 2007.

ENCLOSURE 1

II.   Motion to Dismiss Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. Civ. P. 12 (b)(1).

The Plaintiff has timely filed her Complaint on May 21, 2007 with this court because it has jurisdiction over all the matters covered within the Complaint. The Plaintiff requests the court to consider all matters before it as a form of judicial economy.

The court has jurisdiction over all Plaintiff's Title VII claims pursuant to 42 USC 200e-5(f)(3), 2000e-5(g), 2000 e-16© and 29 CFR 1614.407 (b) and (d) as previously outlined within the Complaint under Section entitled "JURISDICTION AND VENUE".

The court has jurisdiction over the Plaintiff's whistleblower and Civil Service Reform Act Claims pursuant to Section 7702 of Title V of the United States Code, which governs procecution of "mixed case" claims, and Section 7703 of Title V of the United States Code. Plaintiff initially elected to proceed with her "mixed case" claims before the Agency's Equal Employment Office ("EEO Office"). Plaintiff Claims standing with regards to Executive Branch officials being directed to break laws, statutes, regulations and policies and exacting discrimination , reprisal, retaliation and hostile work environment and other employment law violations meted out by these officials against the Plaintiff through the use of privileges provided by Presidential Signing Statements yet to be determined. Plaintiff exhausted her administrative remedies before pursuing her claims in federal court.

III.   Motion to Dismiss Defendant's "Motion to Dismiss for Res Judica, Failure to State a Claim, Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims

Plaintiff timely filed her Complaint with her Whistleblower Allegation (Count VII) of her Complaint as evidence of on-going and continual harassment, reprisal, retaliation and discrimination that arose out of her protected disclosures that are clearly outlined in the Claims

ENCLOSURE 1

Defendant's in that case on January 6, 2007. This Complaint clearly provided claims for the period of time covering these first four complaints.

During the time that she was exhausting her Administrative Remedies for the first Complaint, Plaintiff suffered even more egregious on-going and continual harassment, discrimination, reprisal and retaliation from her Chain of Command as a result of her protected disclosures under the EEO process as well as her disclosures to OSC, Congress, DOD IG, Army IG and other parties within and external to the Department of Defense. These actions gave rise to four additional complaints with multiple claims. Once again, the Plaintiff exhausted her administrative remedies within the DoD EEO and EEOC. The Whistleblowing allegations gave rise to further reprisal as clearly outlined within the second complaint filed with this court.

The Defendant cannot substantiate the statements that the Plaintiff failed to state a claim. The Plaintiff has clearly stated claims within this complaint that are not covered within the first Civil Action (2005-cv-01804-HHK) currently before the Court. The Plaintiff's former attorney, Mike Kohn, Kohn, Kohn & Colapinto, filed the first complaint with the court in the same format as the second complaint (07-cv-00979-HHK). The Complaint clearly provides many claims with great specificity. The MSPB decision did not dismiss the Whistleblower allegations on the merits of the claims.

The Plaintiff does not agree with the Dismissal of the parties as under the Federal Rule of Civil Procedure, not only is the "the head of the department, agency, or unit, as appropriate," culpable in this matters as they willfully and knowingly participated in the reprisal, retaliation, discrimination and on-going and continual harassment. They are culpable parties and are being sued both in their official and personal capacity for their collusion and willingness to knowingly and willingly violate a multitude of laws, regulations, policies and procedures. These parties

ENCLOSURE 1

were clearly notified in writing by the Plaintiff on many occasions of the violations for which they participated, yet they willingly ignored these notifications and continued to violate those laws, regulations, policies and procedures as further reprisal, retaliation, discrimination and on-going and brutal harassment of the Plaintiff for her protected disclosures both under Title 5, Title 7, ADA, Rehabilitation Act of 1973, Reasonable Accommodation and other provisions of laws, regulations, policies and procedures. The Plaintiff is not providing claims in this complaint with an indication that this court has jurisdiction over the disposition of the Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims. The Plaintiff has timely filed with the appropriate Agency's who perform these functions. The Claims within this Civil Action that are found associated the Family Medical Leave Act, Occupational Safety and Health Administration Claim, and Workers Compensation Claims are within this Complaint as more evidence of discrimination, reprisal, retaliation and on-going and continual harassment that resulted from the Plaintiff protected disclosures under Title V, Title VII and the Whistleblower Protection Act. The Plaintiff states these claims as evidence of acts with specific dates and perpetrated by the Defendant's as a form of on-going continual and vicarious unlawful harassment as a result of her disclosures. This Court does have jurisdiction over these claims. Request the Court issue sanctions against the US Attorney under Rule 11.

### IV. Conclusion

For the reasons stated above, request that the Defendant's Motion to Dismiss be immediately Dismissed. The Defendant's have failed to provide an ANSWER to this complaint within sixty (60) calendar days as specified within the Rules of Civil Procedure. The Plaintiff's whistleblower allegations are no barred by res judicata as the court has not made a final decision on the merits of the whistleblowing allegations found within the Plaintiff's first Complaint filed

ENCLOSURE 1

with the Court on September 12, 2005 (**2005-cv-01804-HHK**). In addition, the whistleblower allegations found within this Complaint (2007-cv-00979-HHK) are relevant and gave rise to the claims listed within this complaint. Both the Whistleblowing and the Title V claims are within the jurisdiction of this Court.

Respectfully submitted,

_____
SHEILA A. BLOOM, Pro Se, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2007, I served a copy of the foregoing Memorandum Of Points And Authorities In Support Of Motion To Dismiss Defendant's Motion To Dismiss, And Request For Sanctions Under Rule 11 by first class mail, postage prepaid on the following:

Nancy Mayer-Whittington
Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave, NW
Washington, DC 20001
Certified mail

Brian C. Baldrate
Special Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, DC 20530
202-353-9895
First class mail

Enclosure 1


# UNITED STATES POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm | FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7111 9503 2660 0901 2586
Detailed Results:

- Delivered, May 23, 2007, 1:54 pm, WASHINGTON, DC 20001
- Notice Left, May 23, 2007, 9:03 am, WASHINGTON, DC 20001
- Arrival at Unit, May 23, 2007, 8:49 am, WASHINGTON, DC 20001
- Acceptance (APC), May 21, 2007, 8:01 pm, ANNAPOLIS, MD 21403

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

( < Back )    ( Return to USPS.com Home > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

```
***** WELCOME TO *****         Complaint
       EASTPORT                 5/21/07
    821 CHESAPEAKE AVE
    ANNAPOLIS, MD 21403-9998
        05/21/07 08:01PM
Clerk of the Court.
Transaction Number                    77
USPS® #                        230217-9550
Nancy Mayer-Whittington
 1. Priority Mail® service      7.25
    Destination:       20001
    Weight:            1 lb. 11.20 oz.
    Total Cost:        7.25
    Base Rate:         4.60
    Label #:
    7111 9503 2660 0901 2586
          SERVICES
    Certified Mail™       2.65

Subtotal                        7.25
Total Charged                   7.25

DebitCard                       7.25

       <23-901860023-99>
DebitCard
ACCT. NUMBER         TRANS #    AUTH
4266                 888        961375
RECEIPT # 010891

To check on the delivery status of
your Certified Mail™ article, visit
our Track & Confirm website at
www.usps.com or use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations).

       Thanks.
    It's a pleasure to serve you.
```

ENCLOSURE 1

```
            821-CHESAPEAKE AVE
            ANNAPOLIS, MD 21403-9998
              05/21/07 08:01PM
```
*Clerk of the Court.*
```
Transaction Number                77
USPS® #                    230217-9550
```
*Nancy Mayer-Whittington*
```
 1. Priority Mail® service     7.25
    Destination:    20001
    Weight:         1 lb. 11.20 oz.
    Total Cost:     7.25
    Base Rate:      4.60
    Label #:
    7111 9503 2660 0901 2586
           SERVICES
    Certified Mail™              2.65

Subtotal                         7.25
Total Charged                    7.25

DebitCard                        7.25

           <23-901860023-99>
DebitCard
ACCT. NUMBER    TRANS #   AUTH
4266            888       961375
RECEIPT # 010891

To check on the delivery status of
your Certified Mail™ article, visit
our Track & Confirm website at
www.usps.com or use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations).

              Thanks.
     It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

**************************************
*                                    *
*     Your opinion matters to us.    *
*           Please visit             *
*                                    *
*     http://gx.gallup.com/apc       *
**************************************
```

*Enclosure 1*

## Oppositions and Replies
1:07-cv-00979-HHK BLOOM v. GEREN et al
JURY, PROSE-NP, TYPE-H

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered by Baldrate, Brian on 11/27/2007 at 4:24 PM EDT and filed on 11/27/2007
**Case Name:** BLOOM v. GEREN et al
**Case Number:** 1:07-cv-979
**Filer:** U.S. ARMY CORPS OF ENGINEERS
PETER GEREN
**Document Number:** 11

**Docket Text:**
Memorandum in opposition to re [9] MOTION to Dismiss MOTION for Sanctions filed by U.S. ARMY CORPS OF ENGINEERS, PETER GEREN. (Attachments: # (1) Text of Proposed Order)(Baldrate, Brian)

**1:07-cv-979 Notice has been electronically mailed to:**

Brian Christopher Baldrate    brian.baldrate@usdoj.gov, brianbaldrate@yahoo.com, reginald.rowan@usdoj.gov

**1:07-cv-979 Notice will be delivered by other means to::**

SHEILA A. BLOOM
1712 Cedarpark Road
Annapolis, MD 21401

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** V:\BBaldrate\ECF Documents\Bloom\Bloom 2 Opp to P's Motion for Sanctions.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=11/27/2007] [FileNumber=1622032-0
] [54e81c1aca50fc5da3d5140ea131128792fed66f80200284fd744fa6704fec160c1
032f57278749414a06c2cd7331ee8d3bce3e1263e074f8645b838cdcc6810]]
**Document description:** Text of Proposed Order
**Original filename:** V:\BBaldrate\ECF Documents\Bloom\PO - Bloom 2 Opp to P's Motion for Sanctions.pdf
**Electronic document Stamp:**

ENCLOSURE 2

[STAMP dcecfStamp_ID=973800458 [Date=11/27/2007] [FileNumber=1622032-1
] [290df25fcc6e7a49c25a6e4cccc5ada5e78abf031a85434f8ad3913fb3ffe3c0733
806a37af4cf4edfbd4be775e669c5988b1fdd84af51ab7ef5e3d56e5d0087]]

Enclosure 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) Civil Action No. 1:07CV0979 (HHK) <br> ) <br> ) <br> ) |
| Mr. PETE GEREN, et. al. <br> Defendants. | ) <br> ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

#### I. INTRODUCTION

Defendants, by and through undersigned counsel, respectfully file this Opposition to "Plaintiff's Motion for Dismissal of Defendants' Motion to Dismiss and for Sanctions Under Rule 11," filed November 14, 2007.[1] A Proposed Order is attached.

Plaintiff's Motion for Dismissal and for Sanctions cites no legal authority and raises no logical arguments supporting her request for dismissal of Defendants' Motion to Dismiss. Nor does Plaintiff's Motion cite any legal basis or coherent rationale for sanctions. Instead, Plaintiff's Motion incorrectly alleges that Defendants failed to timely answer her Complaint, and impermissibly seeks Rule 11 sanctions.

---

[1] Plaintiff filed her "Motion for Dismissal of Defendants' Motion to Dismiss and Motion for Sanctions Under Rule 11," R.9, on November 14, 2007, the date her opposition was due for Defendant's Motion to Dismiss, R.6. In that Motion Plaintiff addressed some of the issues raised in Defendant's initial Motion to Dismiss. However, on November 22, 2007, the Court ordered Plaintiff to file an actual opposition to Defendant's Motion to Dismiss by December 21, 2007. R.10. As such, this opposition filed by Defendants limits itself to Plaintiff's arguments that involve dismissal of Defendants' motion and sanctions against Defendants. Defendants will address the remaining arguments that relate back to Defendants' initial Motion to Dismiss in a Reply if, and when, Plaintiff files a proper opposition in accordance with this Court's Order.

ENCLOSURE 2

## II. ARGUMENT

### A. Plaintiff's Argument That Defendants' Answer is Untimely is Meritless

Plaintiff's Motion argues that "Defendant has failed to meet the required time frames to provide an answer to the timely filed complaint with [sic] Court." (Plaintiff's Mot. at 1). Based on the date the U.S. Attorney was served with the Complaint, the Government's responsive pleading was due on October 29, 2007. However, pursuant to Fed. R. Civ. P. 12(a)(4), Defendants filed a timely Motion to Dismiss the Complaint in lieu of an Answer. Service of that Motion extended the deadline for filing a responsive pleading until after the Court acts upon the Motion. Therefore, no responsive pleading is due at this time. This Court's Order dated November 5, 2007, demonstrates the proper application of this rule and the lack of merit in Plaintiff's argument. In that Order the Court stated: "Because defendants have responded to the complaint by filing a motion to dismiss the complaint on October 29, 2007, the motion for an enlargement of time is denied as it is moot." (R. 8, Order, dated Nov 5, 2007.)

### B. Plaintiff's Request for Sanctions Under Rule 11 is Improper

In the last section of Part III of Plaintiff's Motion she "Request[s] the Court issue sanctions against the US Attorney under Rule 11." (Plaintiff's Mot. at 7.) Plaintiff did not state the factual basis for this sanction's request, nor is the basis clear in context. Plaintiff's request for sanctions is defective in several fundamental ways. For example, a motion for sanctions must be made separately from other motions. Fed. R. Civ. P. 11(C)(1)(A). Additionally, any such request must describe specifically the offensive conduct for which sanctions are sought. Id. Furthermore, requests for sanctions may not be originally filed

Enclosure 2

with the court, but must instead first be presented to the opposing party for an opportunity to modify the conduct at issue. Id. Accordingly, the Court should deny Plaintiff's request for sanctions.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Dismissal of Defendants' Motion to Dismiss and for Sanctions under Rule 11" should be dismissed.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendants

Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division

3

ENCLOSURE 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 1:07CV0979 (HKK)<br>)<br>)<br>) |
| Mr. PETE GEREN, et. al.<br>Defendants. | )<br>) |

## PROPOSED ORDER

Upon consideration of Plaintiff' Motion for Dismissal of Defendant's Motion to Dismiss and Motion for Sanctions Under Rule 11, the Opposition thereto, and the entire record, it is this _____ day of _____, 2007 hereby

ORDERED, that Plaintiff' Motion is DENIED.

_____
HENRY H. KENNEDY JR.
U.S. DISTRICT COURT JUDGE

Copies to:
Defendants via ECF and to Plaintiff via first-class mail

Enclosure 2