IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>)<br>)<br>Mr. PETE GEREN, et. al. )<br>    Defendants. ) | Civil Action No.  1:07CV0979 |

### DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I.  INTRODUCTION

Defendants, by and through undersigned counsel, respectfully reply to Plaintiff's Opposition, R.12, to Defendants' Motion to Dismiss, R. 6.[1]  Defendants' Motion to Dismiss filed on October 29, 2007, presented four arguments for dismissal. They are:

    (1)  Plaintiff's civil action is untimely on its face and must be dismissed in the absence of evidence warranting equitable tolling.

    (2)  In a Title VII action alleging discrimination by Army employees, the Secretary of the Army is the only appropriate defendant and all other individually named defendants should be dismissed.

---

[1] Defendants' construe Plaintiff's *pro se* filing, R.12, entitled "Affidavit of Mailing Of Plaintiff's Motion for Dismissal of Defendant[s'] Motion to Dismiss and Motion for Sanctions Under Rule 11 . . ." as her Opposition to, R. 6, Defendants' Motion to Dismiss. In R.12, Plaintiff argues that her previous Motion, R.9, was not actually a motion, but an Opposition even though this Court and the Defendant treated it, as labeled, as a separate Motion. Defendant previously responded to Plaintiff's R.9 motion to dismiss and for sanctions in our Opposition, R.11. Plaintiff chose not to Reply and the timeframe under LCVR 7(d) has expired.  This Reply to that same document, now labeled Plaintiff's "Opposition," deals only with the issues raised in Defendants' initial Motion to Dismiss, R.6, which Plaintiff challenged in her R.9 filing, now re-filed as R.12, Encl 1. Defendants cite to Plaintiff's "Opposition" as Plaintiff's Op., Encl. 1, followed by the page number.

1

(3) Plaintiff's whistleblower claim is barred by *res judicata* because the same issues involving the same parties were adjudicated by the Court of Appeals for the Federal Circuit (CAFC) in <u>Bloom v. Dep't of the Army</u>, 2007 U.S. App. LEXIS 13792 (June 11, 2007).

(4) The Court lacks jurisdiction over Plaintiff's Family and Medical Leave Act (FMLA), Occupational Safety and Health Administration (OSHA), and Worker's Compensation Claims and, therefore, must dismiss these claims.

Plaintiff was directed by the Court on November 22, 2007 to provide an Opposition to Defendants' Motion to Dismiss no later than December 21, 2007. Plaintiff appears to have complied with this Order by filing a response on December 21, 2007, that was entered and served on the Defendants on December 26, 2007. This Opposition included a verbatim copy of Plaintiff's November 14, 2007 "Motion for Dismissal of Defendant's Motion to Dismiss and Motion for Sanctions Under Rule 11", R.9, as Enclosure 1, which contained, *inter alia*, arguments opposing the Army's Motion to Dismiss, R.6. Additionally, Plaintiff's Opposition requests the appointment of pro bono legal counsel and a 60-day continuance "of all actions due to serious health conditions and disabilities." (Plaintiff's Op. at 4.)

Plaintiff's Opposition challenging dismissal of her Complaint cites no legal authority and raises no logical arguments challenging Defendants' Motion to Dismiss and leaves no doubt of the appropriateness of granting Defendants' Motion**.** With this Reply, Defendant's Motion to Dismiss, R.6, is now fully briefed and ripe for adjudication. Similarly, Plaintiff's Motion to Dismiss and Motion for Sanctions, R.9, is also fully briefed and ripe for adjudication. Plaintiff's requests for pro bono appointment of legal counsel is governed by LCvR 83.11(b)(3). It is also governed by this Court's November 5, 2007 Order, R. 7, denying without prejudice Plaintiff's request for counsel and instructing Plaintiff on the proper procedures for proceeding *in forma pauperis*. Additionally, while Plaintiff failed to comply

with LCvR 7(m) and confer with Defendants before filing a request for a 60 day continuance, the Defendants have no objection to such a delay in processing of the case after the pending Motions are resolved if Plaintiff still requires additional time for health reasons.

## II. ARGUMENT

### A. Plaintiff's Complaint is Untimely Filed and Must be Dismissed.

Plaintiff's Opposition confirms the date she admits receiving the Final Agency Decision (FAD) ("The 90th day after Plaintiff received the FAD was May 22, 2007.")[2]; the date she mailed her Complaint to the Clerk of Court ("The Complaint was mailed February [sic] 21, 2007.")[3]; and the date when the Clerk of Court received and filed her Complaint ("The Clerk of the Court indicated a stamped date of May 25, 2007 on the Complaint."). (Plaintiff's Op., Encl. 1, at 3.) Plaintiff also confirms that her Complaint did not even arrive at the Courthouse until May 23, 2007, 91 days after Plaintiff admits receiving the FAD. (Plaintiff's Op., Encl. 1, at 13 (USPS Track & Confirm).) Based on the undisputed account of these dates, Plaintiff confirms the Defendants' assertion that Plaintiff filed her Complaint after the statute of limitations ran.

Plaintiff's Opposition did not invoke equitable tolling of the limitations period. Instead, Plaintiff simply reiterates her argument that because she mailed the Complaint on May 21, 2007, her Complaint was timely filed. (Plaintiff's Op., Encl. 1, at 3.) Plaintiff completely disregards the argument, detailed in Defendants' motion, that while "Papers may be mailed to the clerk in order to satisfy the filing requirements of Rule 5… the filing

---

[2] As noted in Defendants' Motion, Plaintiff is presumed to have received the FAD on February 19, 2007, three days before she admits receiving it. (R.6, Defendants' Mot. to Dismiss at 4, n.2) Under either scenario her Complaint is untimely.
[3] From the context of this statement and the attached U.S Postal Service Track & Confirm proof of mailing, Plaintiff's Op., Encl. 1, at 13, it is apparent that Plaintiff intended to state that she mailed the Complaint on May 21, 2007, not February 21, 2007.

3

requirement is met only on actual receipt of the documents or when they are placed in the box in the clerk's office." 1-5 Moore's Federal Practice - Civil § 5.30.[4]  As this Court correctly stated in Colbert v. Potter, 2005 U.S. Dist. LEXIS 35422 (July 28, 2005), aff'd Colbert v. Potter, 471 F.3d 158, 161 (D.C. Cir. 2006),

> Although the court may thus toll the statute of limitations in "extraordinary and carefully circumscribed instances," Mondy, 845 F.2d at 1057, in the absence of a recognized equitable consideration, "the court cannot extend the limitations period by even one day." Anderson v. Local 201 Reinforcing Rodmen, 886 F. Supp. 94, 97 (D.D.C. 1995) (citation omitted); see also, e.g., Smith v. Dalton, 971 F. Supp. 1 (D.D.C. 1997) (dismissing suit filed 91 days after plaintiff received final agency decision).

Plaintiff has set forth no factual, equitable, or credible legal argument to salvage her Complaint from the statute of limitations mandate.  As such her Complaint must be dismissed.

   **B.  Even if the Entire Complaint is Not Dismissed as Untimely, Improper Parties Must Be Dismissed.**

   Plaintiff's Complaint argued that 12 individually-named defendants including unknown management officials identified as "John and Jane Doe" were responsible in their official and personal capacities for the alleged discrimination. (Compl. ¶¶ 26 – 36.)[5]  In her Opposition, Plaintiff explained that she "does not agree with the Dismissal" of these parties because they are "culpable parties" under "Title 5, Title 7, ADA, Rehabilitation Act of 1973, Reasonable Accommodation and other provisions of laws, regulations, policies and

---

[4] See Defendants' Motion to Dismiss, R.6, at 5, n.4, for a detailed analysis of the issue.

[5] At this time, undersigned counsel represent only Pete Geren, Secretary of the Army, and the Army Corps of Engineers.  Undersigned counsel do not represent any named defendants in their individual capacity, as none of these individuals have been properly served to counsel's knowledge and therefore requests for representation have neither been requested nor granted pursuant to 28 C.F.R. § 50.15.  By way of this reply, the Defendants submit that they have not waived any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

procedures." (Plaintiff's Op., Encl. 1, at 7.)  Plaintiff cites no legal authority nor alleges any jurisdictional basis to support her claim that these individuals are proper parties to this suit. As such, Pete Geren, in his official capacity as the Secretary of the Army, is the only proper party defendant for Plaintiff's alleged discrimination claims and all other parties must be dismissed.[6]

### C. Even if the Entire Complaint is Not Dismissed as Untimely, *Res Judicata* Bars Plaintiff's Whistleblower Claims.

Plaintiff's Opposition attempts to address the government's *res judicata* argument by explaining that the whistleblower retaliation allegations within Bloom v. Geren, Case No. 05-1804, also before this Court, cover a different time frame than the whistleblower retaliation allegations also pending before this Court in the instant case.  Plaintiff's argument misses the key point that these whistleblower claims currently pending before this Court in both actions simply reiterate the same underlying "Spring Hill" issues that Plaintiff already unsuccessfully litigated in a Merit Systems Protection Board (MSPB) Individual Right of Action (IRA) which she ultimately appealed to the Court of Appeals for the Federal Circuit (CAFC).  A copy of the CAFC decision, Bloom v. Dep't of the Army, 2007 U.S. App. LEXIS 13792 (June 11, 2007), was attached to the Defendants' Motion to Dismiss as Exhibit 2.

Although Plaintiff fails to discuss the CAFC decision in her Opposition, it is apparent from reviewing the CAFC decision that she was keenly aware that if the CAFC case proceeded to judgment, she would be precluded from pursuing the whistleblower claims before this Court.  The CAFC opinion states:

> On appeal, Bloom argues that her IRA appeal should, as she requested, have been dismissed without prejudice so it could be considered in conjunction with her district court litigation." Bloom v. Harvey, No. 05-1804 (D.D.C.

---

[6] See 42 U.S.C. § 2000e-16(c) (the only proper defendant for discrimination claims is "the head of the department, agency, or unit, as appropriate)."

5

filed Sept. 12, 2005). However, we hold that the AJ did not abuse her discretion in refusing this request because an IRA claim can only be appealed to the MSPB. 5 U.S.C. §1221(a). ("[A]n employee...with respect to any personnel action taken, or proposed to be taken, against such employee...as a result of a prohibited personnel practice described in section 2302(b)(8), may seek corrective action from the Merit Systems Protection Board.") Bloom further states that "[r]equests to move the IRA into Federal Court" were ignored by the AJ. This is untrue. Moreover, because the district court would not have had jurisdiction over her IRA appeal, the motion was properly denied. Certainly, no abuse of discretion was shown. (Defendants' Ex. 2, at *5-6.)

Plaintiff's only response to the government's argument that the CAFC previously adjudicated her whistleblower claims is a stray comment that, "[t]he MSPB decision did not dismiss the Whistleblower allegations on the merits of the claims." (Plaintiff's Op., Encl. 1, at 6.) This comment is contradicted by the MSPB decision dated April 4, 2006, addressing the merits of Plaintiff's MSPB IRA appeal. (Defendants' Ex. 3.)[7] CAFC also probed deeply into the merits of Plaintiff's "Spring Hill" whistleblower allegations and also found them lacking. (Defendants' Ex. 2.)

### D.  Plaintiff's FMLA, OSHA, and Worker's Compensation Claims Are Withdrawn.

Plaintiff's Opposition concedes that she did not intend to pursue an FMLA, OSHA, or Worker's Compensation claim within her civil action, and that these statutes were only cited as additional support for her discrimination and reprisal allegations. (Plaintiff's Op., Encl. 1, at 7.) Based on this concession, these claims are withdrawn and should be dismissed.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed.

---

[7] For consistency Defendants' Exhibit in this Reply is numbered sequentially with the Exhibits from Defendants' Motion to Dismiss, R.6.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Attorneys for Defendants

Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January __, 2008, I served a copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and all applicable exhibits by first class mail, postage pre-paid, on the following:

Ms. Sheila Bloom
1712 Cedarpark Road
Annapolis, Maryland  21401

                                                           /s/
                                           BRIAN C. BALDRATE
                                           Special Assistant United States Attorney
                                           Civil Division
                                           555 Fourth St., N.W.
                                           Washington, D.C. 20530
                                           202-353-9895

# Reply Exhibit 3

LEXSEE 2006 MSPB LEXIS 1383

SHEILA A. BLOOM, Appellant, v. DEPARTMENT OF THE ARMY, Agency.

DOCKET NUMBER DC-1221-05-0024-B-1

MERIT SYSTEMS PROTECTION BOARD

*2006 MSPB LEXIS 1383*

April 4, 2006

**COUNSEL:**

[*1]

Michael D. Kohn, Esquire, Kohn, Kohn, & Colapinto, LLP, Washington, D.C., for the appellant.

Steven J. Weiss, Esquire, Alexandria, Virginia, for the agency.

**OPINION BY:** BOGLE

**OPINION:**

**BEFORE**

Elizabeth B. Bogle

Administrative Judge

**INITIAL DECISION**

On February 9, 2006, the Board vacated the initial decision that dismissed this individual right of action (IRA) appeal for lack of jurisdiction and remanded the case to the regional office to "allow the appellant a reasonable opportunity to submit an additional response to the show-cause order." *Bloom v. Department of the Army,* MSPB Docket No. DC-1221-05-0024-W-1 (February 9, 2006). For the following reasons, the appeal is again DISMISSED.

Background

The appellant is a Facilitator, GS-0301-13. From 1996 to 1999, she served as project manager for the Formerly Used Defense Sites Program and was assigned to the "Spring Valley" project. In that capacity, she disclosed to a number of individuals that she had discovered "major flaws" with the project and the Program. Except for input she was asked to provide in 2001, it does not appear that the appellant was responsible for the "Spring Valley" project after 1999. From 1999 to 2001, the appellant [*2] was employed at the U.S. Army Engineer District in Baltimore, Maryland. Beginning in 2002, the appellant was assigned to the Directorate of Strategy & Integration, Planning & Strategy Division, of the Headquarters, U.S. Army Corps of Engineers in Washington, D.C. There, she is supervised by Sean M. Wachutka, Branch Chief, and M. Bruce Elliott, Division Deputy.

On January 11, 2004, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that she had been subjected to reprisal because of her disclosures. Specifically, she alleged that she made the following disclosures: (1) Between March and November of 2003, she disclosed to Lieutenant Colonel (Kevin) Elliott and Lieutenant Colonel (Willie) James (and others) that she was being retaliated against for her connections to "Spring Valley;" (2) In July of 2001, she disclosed to the "Spring Valley team" her concerns over "major issues related to the project;" (3) On "numerous occasions" between 1996 and 1999, she disclosed to "senior leaders" in Baltimore that the "Spring Valley" project was "seriously flawed;" and (4) In April of 2002, she disclosed to Jane Mahoney, Attorney, Department of Jus-

tice, her "many concerns" [*3] about the "Spring Valley" project. She stated on her OSC complaint form that in reprisal for these disclosures the agency threatened, proposed, took or failed to take the following personnel actions: an appointment, a promotion, an action under *5 U.S.C. chapter 75* or other disciplinary or corrective action, a detail, transfer, or reassignment, a decision about pay, benefits or awards, education or training, a performance evaluation under *5 U.S.C. chapter 43,* a decision to order psychiatric testing or examination, and any other significant change in duties, responsibilities, or working conditions.

OSC informed the appellant that it was terminating its investigation, and she filed a timely IRA appeal. On January 12, 2005, I issued an initial decision dismissing that appeal for lack of jurisdiction. The Board vacated the initial decision and remanded the case to allow the appellant to submit an additional response to the show cause order. On February 15, 2006, I issued an order affording the appellant until March 8, 2006, to submit an additional response. She did not file a response on the jurisdictional issues. Thus [*4] neither party has filed new evidence, and the only new argument on the jurisdictional issue was filed by the agency on March 15, 2006.

Legal standard

In order to prove that the Board has jurisdiction over an appeal as an IRA appeal, the appellant must show that she has exhausted her administrative remedies before OSC and make nonfrivolous allegations that: (1) She engaged in whistleblowing activity by making a protected disclosure under *5 U.S.C. § 2302(b)(8)*, i.e., she disclosed information that she reasonably believed evidenced a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety; and (2) The disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by *5 U.S.C. § 2302(a)*. *See Rusin v. Department of the Treasury, 92 M.S.P.R. 298, 304 (2002), citing, Yunus v. Department of Veterans Affairs, 242 F.3d 1367 (Fed.Cir.2001).*

Exhaustion of administrative remedy

The scope of [*5] an IRA appeal is limited to those disclosures and those personnel actions raised before OSC. *Sazinski v. Department of Housing and Urban Development, 73 M.S.P.R. 682, 685 (1997).* The test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement that she makes in the complaint requesting corrective action, not her post hoc characterization of those statements. *Ellison v. Merit Systems Protection Board, 7 F.3d 1031, 1036 (Fed. Cir. 1993).* I find that the appellant has exhausted her administrative remedy as to the disclosures summarized above. n1 The appellant's exhaustion of her administrative remedy as to covered personnel actions is discussed below.

> n1 In her Board appeal, the appellant identified 16 additional disclosures. Of these, some appear to be a more specific description of disclosures she identified in her OSC complaint. Others, e.g., disclosures allegedly made in 2004, were not identified in her OSC complaint and are not otherwise shown to have been brought to the attention of OSC. Therefore, the appellant has not exhausted her administrative remedy as to those disclosures.

[*6] The appellant failed to make a nonfrivolous allegation that she engaged in whistleblowing activity

To establish that she engaged in whistleblowing activity, the appellant first must show that she disclosed information that she reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health or safety. *5 U.S.C. § 2302(b)(8)*; *5 C.F.R. § 1209.4*. She need not prove that the situation actually existed, only that a reasonable person in her position would believe that it did. *See Schaeffer v. Department of the Navy, 86 M.S.P.R. 606, 612 (2000), citing Geyer v. Department of Justice, 63 M.S.P.R. 13, 16-17 (1994). Id.* Next, she must show that she disclosed the situation to persons who may be in a position to act to remedy it, either directly by management authority, or indirectly as in a disclosure to the press. *Id., citing, Horton v. Department of the Navy, 66 F.3d 279 282 (Fed.Cir.1995), cert.denied, 516 U.S. 1176,* [*7] *(1996).*

The proper test for determining whether the appellant had a reasonable belief is: Could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence, for example, gross mismanagement? *LaChance v. White, 174 F.3d 1378, 1381*

*(Fed.Cir.1999), cert. denied, 120 S.Ct. 1157 (2000).* A purely subjective perspective of an employee is not sufficient even if shared by other employees. The Whistleblower Protection Act is not a weapon in arguments over policy or a shield for insubordinate conduct. *Id.*

In her OSC complaint, the appellant stated that her disclosures evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, and a substantial and specific danger to public health or safety. Any disclosure of a violation of law, rule or regulation is protected if it meets the reasonable belief test. *See Ganski v. Department of the Interior, 86 M.S.P.R. 32, 36 (2000).* And the employee is not required to cite any specific law, rule [*8] or regulation that she believes was violated. *See Kalil v. Department of Agriculture, 96 M.S.P.R. 77, 84-85 (2004); Ivy v. Department of the Treasury, 94 M.S.P.R. 224, 229 (2003).* Gross mismanagement, a gross waste of funds, and a substantial and specific danger to public health or safety, each include qualifying language that specifies a degree to which the wrongdoing must rise before its disclosure is protected. *Wheeler v. Department of Veterans Affairs, 88 M.S.P.R. 236, 241* at n. * (2001). Gross mismanagement means management action or inaction that creates a substantial risk of significant adverse impact on an agency's ability to accomplish its mission but it does not include management decisions which are merely debatable, nor action or inaction which constitutes simple negligence or wrongdoing; there must be an element of blatancy. *See, e.g., Schaeffer v. Department of the Navy, 86 M.S.P.R. at 615, citing, Embree v. Department of the Treasury, 70 M.S.P.R. 79, 85 (1996).* A gross waste of funds is a more than debatable expenditure [*9] that is significantly out of proportion to the benefit reasonably expected to accrue to the government. *See, e.g., Gaugh v. Social Security Administration, 87 M.S.P.R. 245, 248 (2000).* A revelation of a negligible, remote, or ill-defined peril that does not involve any particular person, place, or thing is not a disclosure of a substantial and specific danger to public health or safety. *Sazinski v. Department of Housing and Urban Development, 73 M.S.P.R. at 686.* Finally, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or which results in personal gain or advantage to himself or to preferred other persons. *Wheeler v. Department of Veterans Affairs, 88 M.S.P.R. at 241 (2001).*

I have reviewed the appellant's descriptions of the information she allegedly disclosed against these definitions of protected whistleblowing activity. As noted, the appellant is not required to prove that any one of these situations existed, only that she disclosed information that a reasonable person [*10] in her position would believe evidenced one of the situations. And the test for reasonable belief is the "disinterested observer" test. An appellant's statements regarding her alleged protected disclosures can be so deficient on their face that the Board will find they fail to constitute a nonfrivolous allegation of a reasonable belief and will dismiss the appeal for lack of jurisdiction. For example, an appellant does not satisfy the reasonable belief requirement if she merely reports unsubstantiated rumors. *See Huffman v. Office of Personnel Management, 92 M.S.P.R. 429, 433-34 (2002).* And she does not satisfy it by showing that she was familiar with the alleged improper activities and that her belief was shared by others. *See LaChance v. White, 174 F.3d at 1380.* In this case, the appellant was surely familiar with the "Spring Valley" project because she was assigned to work on it for several years. Her familiarity with the project, however, does not meet the "disinterested observer" test, and the appellant otherwise has made little more than conclusory statements about the alleged "flaws" and "concerns" she reported. [*11] The appellant, I conclude, has failed to make a nonfrivolous allegation that she disclosed information that evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, and a substantial and specific danger to public health or safety.

Covered personnel actions

If the appellant had established that she engaged in protected whistleblowing activity, she next would be required to show that the agency threatened, proposed, took or failed to take one or more covered personnel actions. A covered personnel action is defined as (1) an appointment; (2) a promotion; (3) an adverse action under *5 U.S.C. chapter 75* or other disciplinary or corrective action; (4) a detail, transfer, or reassignment; (5) a reinstatement; (6) a restoration; (7) a reemployment; (8) a performance evaluation under *5 U.S.C. chapter 43;* (9) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; (10) a decision to order psychiatric [*12] testing or examination; or (11) any other significant change in duties, responsibilities, or working conditions. *5 C.F.R. § 1209.4(a).*

While the appellant claimed all but three of the covered personnel actions listed in section 1209.4(a) in her OSC complaint, she provided little if any specific information that would allow me to conclude what specific actions she brought to the attention of OSC, exhausting her administrative remedy. After the record closed on the jurisdictional issues, the appellant furnished OSC's preliminary determination to terminate its investigation of her complaint. AF tab 10.

In that letter OSC identified the personnel actions under investigation as: (1) letter of reprimand, (2) charge of 3.75 hours of absence without leave on March 5, 2003, (3) the decision not to change the appellant's position from Facilitator to Strategic Planner on March 7, 2003, (4) denial of request for reassignment on March 10, 2003 and placement on a detail, (5) referral to the Employee Assistance Program on April 9, 2003, (6) move to a new work station on April 23, 2003, (7) denial of a request to attend facilitators' training on May 5, 2003, (8) denial of the opportunity to facilitate [*13] some meetings and workshops on May 8, 2003, (9) denial of a request for advance sick leave in June of 2004, and (10) a proposed 30-day suspension. A letter of reprimand, a reassignment, a detail, and a proposed 30-day suspension are covered personnel actions. A decision concerning training is a covered personnel action only if the training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action. *5 C.F.R. § 1209.4(a)(9)*. The appellant has not alleged that facilitators' training was such an opportunity. Therefore, she has not made a nonfrivolous allegation that a decision concerning training was a covered personnel action. I find that that the appellant has exhausted her administrative remedy as to the covered personnel actions identified in the OSC preliminary determination letter. I find no evidence that the decision to suspend the appellant for 30 days was among the covered personnel actions for which the appellant's administrative remedy has been exhausted. The OSC complaint was filed well before the action was even proposed, and based on the OSC preliminary determination letter, the complaint was amended to include the [*14] proposed 30-day suspension but not the decision to suspend.

The appellant has not made a nonfrivolous allegation that a protected disclosure was a contributing factor in a covered personnel action

An employee may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *5 U.S.C. § 1221(e)(1)*; *Scott v. Department of Justice, 69 M.S.P.R. 211, 238 (1995), aff'd, 99 F.3d 1160 (Fed. Cir. 1996)* (Table).

In her OSC complaint, the appellant alleged that she made protected disclosures to: Lieutenant Colonel (Kevin) Elliott, Lieutenant Colonel (Willie) James, to unspecified individuals on the "Spring Valley team," to unspecified "senior leaders" in Baltimore, and to Jane Mahoney, Attorney, Department of Justice. All of the covered personnel actions on which the appellant exhausted [*15] her administrative remedy were taken or not taken in 2003 and 2004 when the appellant was employed at Headquarters, USACE, and supervised by Mr. Wachutka. Yet the appellant has not shown or even alleged that Mr. Wachutka or any other Headquarters, USACE official responsible for a covered personnel action knew, directly or indirectly, of one of the disclosures for which she has exhausted her administrative remedy. Because she has not alleged that an official responsible for a covered personnel action knew of her allegedly protected disclosures, she has not made a nonfrivolous allegation that a protected disclosure was a contributing factor in a covered personnel action.

In summary, I find that the Board lacks jurisdiction over the appellant's appeal because she has not made nonfrivolous allegations that she engaged in protected whistleblowing activity or that a protected disclosure was a contributing factor in a covered personnel action.

**DECISION**

The appeal is DISMISSED.

FOR THE BOARD:

Elizabeth B. Bogle

Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **May 9, 2006,** unless a petition for review is filed by that date or the Board reopens [*16] the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the fed-

eral court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

> The Clerk of the Board
>
> Merit Systems Protection Board
>
> 1615 M Street, NW., Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements [*17] of *5 C.F.R. § 1201.14*, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See 5 C.F.R. § 1201.4(j)*.

**JUDICIAL REVIEW**

If you are dissatisfied with the Board's final decision, you may file a petition with: [*18]

> The United States Court of Appeals for the Federal Circuit
>
> 717 Madison Place, NW.
>
> Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (*5 U.S.C. § 7703*). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

**NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedureJusticiabilityExhaustion of RemediesAdministrative RemediesGovernmentsFederal GovernmentEmployees & OfficialsLabor & Employment LawCollective Bargaining & Labor RelationsExhaustion of Remedies